UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIN GEORGESHAN,

        Petitioner,

v.

A. NEIL CLARK, Field Office Director, U.S.
Immigration and Customs Enforcement,

        Respondent.

Case No. C08-1852-JLR-BAT

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Marin Georgeshan, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington. (Dkt. 6). He requests that this Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 1. Respondent has filed a motion to dismiss, arguing that petitioner's detention is lawfully mandated by Section 236(c) of the Immigration and Nationality Act ("INA") and he is not entitled to a bond hearing. (Dkt. 11).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 6) be GRANTED and respondent's motion to dismiss (Dkt. 11) be DENIED.

REPORT AND RECOMMENDATION
PAGE 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of the Republic of Moldova, who was admitted to the United States on September 25, 2000, as a refugee. (Dkt. 13 at R124-26). On October 19, 2002, he adjusted his status to lawful permanent resident retroactive to his date of admission. (Dkt. 13 at L18, L21, R238). On December 5, 2007, petitioner was convicted in the Superior Court of Washington for Pierce County of Theft in the First Degree and two counts of Possessing Stolen Property in the Second Degree, and was sentenced to twenty-five months in prison. (Dkt. 13 at L70-79).

On December 21, 2007, ICE issued a Notice to Appear, charging petitioner with removability from the United States pursuant to INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony relating to a theft offense for which the term of imprisonment is at least one year. (Dkt. 13 at L34-36). On July 25, 2008, petitioner, proceeding through counsel, filed an application for asylum and withholding of removal. (Dkt. 13 at L96-105). On November 14, 2008, an Immigration Judge ("IJ") denied petitioner's application for relief and ordered him removed from the United States to Moldova. (Dkt. 13 at L329-33). On December 15, 2008, petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (Dkt. 13 at L367). While his appeal was pending with the BIA, petitioner filed a motion to reopen with the immigration judge, arguing that his attorney provided ineffective assistance of counsel in presenting his application for relief from removal and failing to request an interpreter. On December 12, 2008, the IJ denied petitioner's motion to reopen. (Dkt. 13 at L368-69). On December 29, 2008, petitioner appealed the IJ's decision denying his motion to reopen to the BIA, which remains pending. (Dkt. 13 at L366, L379).

On December 29, 2008, petitioner filed the instant habeas petition challenging his detention. (Dkt. 6). On February 17, 2009, respondent filed a return memorandum and motion to dismiss. (Dkt. 11). On March 20, 2009, the BIA dismissed petitioner's appeal of his removal order. On March 30, 2009, petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals, along with a motion for stay of removal. *See Georgeshan v. Holder*, No. 09-70932 (9th Cir. 2009). Under Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay to

REPORT AND RECOMMENDATION
PAGE 2

automatically issue. *Id*. On April 3, 2009, petitioner filed a "Petition for Writ of Habeas Corpus under 289 USC 2241 Traverse motion and opposition to government report and recommendation," indicating that he has "appealed before the Ninth Circuit and the case remains pending." (Dkt. 14 at 1).

### III. DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory. *See* INA § 236(c), 8 U.S.C. § 1226(c) ("The Attorney General shall take into custody any alien who" is deportable for having committed certain enumerated crimes); *see also Demore v. Kim*, 538 U.S. 510, 513 n.1, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003) ("Section 1226(c) authorizes detention of aliens who have committed certain crimes including, inter alia, any 'aggravated felony'").

Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231. Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). Section 241(a)(6) provides the Attorney General with discretionary authority to detain certain aliens beyond the removal period, or to release them under an order of supervision. INA § 241(a)(6), 8 U.S.C. § 1231(a)(6).

The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1), which provides:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

REPORT AND RECOMMENDATION
PAGE 3

> (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added). Thus, pursuant to Section 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under Section 236 until the court renders its decision. *See Casas-Castrillon v. DHS*, 535 F.3d 942, 948 (9th Cir. 2008); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008).

In the present case, the Ninth Circuit has issued a stay pending its review of petitioner's administrative removal order. "Because Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained pursuant to INA § 236(a)." *See Prieto-Romero*, 534 F.3d at 1062 ("Because Prieto-Romero filed a petition for review and our court entered a stay, his detention is governed by § 1226(a); only if we enter a final order denying his petition for review will the statutory source of the Attorney General's detention authority shift from § 1226(a) to § 1231(a)."); *see also Casas-Castrillon*, 535 F.3d at 948 (holding that once proceedings before the BIA are completed, the authority to detain criminal aliens shifts from INA § 236(c) to INA § 236(a)).

The Ninth Circuit has determined that even though an alien's continued detention is authorized by INA § 236, "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Prieto-Romero*, 534 F.3d at 1065 (quoting *Zadvydas*, 533 U.S. at 690-91). The Court thus held that an alien has the right to contest the necessity of his detention before a neutral decision maker and an opportunity to appeal that determination to the BIA. *See Prieto-Romero*, 534 F.3d at 1066 (citing 8 C.F.R. § 236.1(d); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (holding that "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to

REPORT AND RECOMMENDATION
PAGE 4

community at large, likely to abscond, or otherwise a poor bail risk.")).  In *Casas-Castrillon*, the Court further held that " an alien is entitled to release on bond unless the 'government establishes that he is a flight risk or will be a danger to the community.'"  *Casas-Castrillon,* 535 F.3d at 951.  Absent evidence that a petitioner has already been afforded a bond hearing that complies with these requirements, the petitioner should be released unless the government provides such a hearing within 60 days.  *See id*. at 952.

Respondents contention that petitioner's detention is mandated by INA § 236(c) and that he is not entitled to a bond hearing is no longer the case.  Once petitioner's "proceedings before the BIA were completed, the Attorney General's authority to detain him under [§ 236(c)] ended and that authority shifted instead to [§ 236(a)]."  *Id*. at 948.  Accordingly, petitioner is entitled to an individualized bond hearing before an Immigration Judge.  *Id*. at 952.

### IV.  CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be DENIED, and petitioner's habeas petition be GRANTED.  Respondent should be ordered to release petitioner unless, within 60 days, respondent provides a bond hearing before an Immigration Judge with the power to grant bail unless the government establishes that he is a flight risk or will be a danger to the community.  A proposed Order accompanies this Report and Recommendation.

DATED this 15th day of April, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge